```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY,<br>        Plaintiff,<br><br>        v.<br><br>SUSAN DEVLIN, MARY DESROSIER,<br>MATTHEW DESROSIER, and JOHN DOE,<br>as personal representative of the<br>ESTATE OF JOSEPH SIMONE,<br>        Defendants. | Civil Action No. 13-13126-PBS |

Saris, U.S.D.J.

## **MEMORANDUM AND ORDER**

April 2, 2015

### I. INTRODUCTION

Plaintiff Metropolitan Property and Casualty Insurance Company seeks a declaration that it has no duty to defend or indemnify for a car accident involving a Ford Taurus insured by Metropolitan. The Court has already entered default judgment against Defendants Mary Desrosier (the Taurus's owner and policyholder), Matthew Desrosier (who was driving the Taurus at the time of the accident), and the Estate of Joseph Simone (who was riding in the Taurus's backseat). Metropolitan now moves for summary judgment against Defendant Susan Devlin, who was injured when the Taurus collided with her vehicle. The company argues that its insurance policy does not apply here because the

accident occurred while the Taurus was being driven without the owner's consent. After a review of the record and hearing, Plaintiff's Motion for Summary Judgment (Docket No. 58) is **ALLOWED IN PART AND DENIED IN PART**.

## II. STATEMENT OF UNDISPUTED FACTS

The following facts are undisputed, except where noted. All reasonable inferences are drawn in favor of Defendant Susan Devlin, the non-moving party.[1]

Susan Devlin was in her vehicle on October 27, 2010 when she was rear-ended by a Ford Taurus. The insurance company conducted an investigation, which revealed the following. The Taurus was being driven by Matthew Desrosier and belonged to his mother, Mary Desrosier. At the time of the accident, Matthew had a suspended license and was not driving the Taurus with his mother's consent. To the contrary, Mary had expressly forbidden Matthew from driving the vehicle under any circumstances.

To recover for injuries suffered during the accident, Devlin filed a lawsuit in Middlesex County Superior Court against the Desrosiers and the Estate of Joseph Simone, who was in the backseat. In her amended complaint, Devlin alleges that Matthew Desrosier's negligent operation of the vehicle caused the

---

[1] Metropolitan has moved to strike certain exhibits attached to Devlin's opposition to summary judgment. (Docket No. 63). The Court does not rely on any of these exhibits in its ruling. Metropolitan's motion to strike is **DENIED AS MOOT**.

2

accident and her injuries (Count 1). She also alleges that Mary Desrosier and Joseph Simone were liable for negligently entrusting the vehicle to Matthew (Counts 2 and 3). Finally, Devlin alleges that Mary Desrosier was liable for negligently failing to secure her vehicle from unauthorized use by Matthew. (Count 4). This lawsuit is still pending in Superior Court.

### III. STANDARD OF REVIEW

Summary judgment is appropriate when there is "no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quotation marks omitted). To succeed on a motion for summary judgment, the moving party must demonstrate that there is an "absence of evidence supporting the non-moving party's case." Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

The burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. Quinones v. Houser Buick, 436 F.3d 284, 289 (1st Cir. 2006). A genuine issue exists where the evidence is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." Nat'l Amusements,

3

Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995). A material fact is "one that has the potential of affecting the outcome of the case." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In its review of the evidence, the Court must examine the facts in the light most favorable to the non-moving party and draw all reasonable inferences in her favor. Sands, 212 F.3d at 661. Ultimately, the Court is required to "determine if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. (quotation marks omitted).

## IV. DISCUSSION

Metropolitan's position is that it has no duty to defend or indemnify here because Matthew Desrosier was driving the Ford Taurus without his mother's consent at the time of the accident. Specifically, Metropolitan refers to two provisions in the insurance policy covering bodily injuries, one compulsory under Massachusetts law and the other optional. The compulsory part states:

> Under this Part, we will pay damages to people injured or killed by your auto in Massachusetts accidents . . . We will pay only if you or someone else using your auto with your consent is legally responsible for the accident.

(Docket No. 58-2:12). The optional insurance part states:

> Under this Part, we will pay damages to people injured or killed in accidents if you or a household member is legally responsible for the accident. We will also pay damages if someone else using your auto with your consent is legally responsible for the accident . . . This Part is similar to

4

> Compulsory Bodily Injury to Others (Part 1). Like the Compulsory Part, this Part pays for accidents involving your auto in Massachusetts. Also like the Compulsory Part, this Part does not pay for the benefit of anyone using an auto without the consent of the owner.

(Docket No. 58-2:21). Based on these policy provisions, Metropolitan argues that it has no duty to provide coverage to Matthew Desrosier, Mary Desrosier, or the Estate of Joseph Simone in connection with the accident because the Taurus was being driven by an unauthorized driver.

**A. Duty to Defend**

At the outset, the Court observes that Devlin's papers solely focus on Metropolitan's duty to indemnify. Nevertheless, it is well-established that the duty to indemnify is narrower than the duty to defend. See <u>Home Ins. Co. v. St. Paul Fire & Marine Ins. Co.</u>, 229 F.3d 56, 66 (1st Cir. 2000). If the Court finds that Metropolitan has no duty to defend, the insurance company as a matter of course also has no duty to indemnify. <u>Bagley v. Monticello Ins. Co.</u>, 720 N.E.2d 813, 817 (Mass. 1999) ("If an insurer has no duty to defend, based on the allegations in the plaintiff's complaint, it necessarily follows that the insurer does not have a duty to indemnify."). For this reason, the Court will begin by determining whether Metropolitan is entitled to summary judgment with respect to its duty to defend the Desrosiers and Joseph Simone.

The legal standards governing an insurer's duty to defend

are slightly different than those conventionally applied to a motion for summary judgment. An insurer's duty to defend is determined by examining (1) the insurance policy; (2) the facts alleged against the insured; and (3) facts known or readily knowable by the insurer. "An insurer has a duty to defend an insured when the allegations in a complaint are reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms." Billings v. Commerce Ins. Co., 936 N.E.2d 408, 414 (Mass. 2010). "The duty to defend is determined based on the facts alleged in the complaint, and on facts known or readily knowable by the insurer that may aid in its interpretation of the allegations in the complaint." Ferreira v. Chrysler Grp. LLC, 13 N.E.3d 561, 566 (Mass. 2014). "In order for the duty of defense to arise, the underlying complaint need only show, through general allegations, a possibility that the liability claim falls within the insurance coverage. There is no requirement that the facts alleged in the complaint specifically and unequivocally make out a claim within the coverage." Billings, 936 N.E.2d at 414 (quoting Sterilite Corp. v. Cont'l Cas. Co., 458 N.E.2d 338, 341 (Mass. App. Ct. 1983)). "However, when the allegations in the underlying complaint lie expressly outside the policy coverage and its purpose, the insurer is relieved of the duty to investigate or defend the complaint." Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 788 N.E.2d 522, 531 (Mass. 2003) (quotation marks omitted).

As both parties appear to agree, the claims against Matthew Desrosier fall expressly outside Metropolitan's insurance policy. Massachusetts courts have consistently found that both the compulsory and optional parts of this policy only provide coverage to drivers who operate the covered vehicle with the owner's consent. See <u>Hanover Ins. Co. v. Locke</u>, 624 N.E. 2d 615, 617 (Mass. App. Ct. 1993). This remains true even when the unauthorized driver happens to be a household member. <u>Id.</u> (explaining that the exclusion for unauthorized drivers "applies to anyone, including household members.").

The duty to defend with respect to Mary Desrosier and Joseph Simone is not quite so straightforward. Under one reasonable view of the facts learned by Metropolitan during its investigation and alleged in Devlin's amended complaint, Mary Desrosier expressly allowed Joseph Simone to drive the Ford Taurus to pick up a replacement part for the vehicle. Mary also allowed her son, Matthew, to go along for the trip, but she failed to tell Simone that her son was not allowed to drive. As a result, Simone pulled over at some point and allowed Matthew to switch places with him. After taking over, Matthew rear-ended Devlin. Based on these facts, Devlin alleges that Mary Desrosier is legally responsible for the accident. Devlin also alleges that Mary Desrosier was negligent in failing to secure the car from unauthorized access by Matthew Desrosier. The amended complaint also alleges that Joseph Simone negligently entrusted the car to Desrosier whom he

7

should have known was an unfit or incompetent driver.

Reading the plain terms of the insurance policy, the Court cannot conclude that Metropolitan is expressly relieved of its duty to defend Mary Desrosier and Joseph Simone against Devlin's claims. Metropolitan's insurance policy is potentially applicable if Mary Desrosier or Joseph Simone were (1) "using" the Taurus; (2) with the owner's consent; and (3) are "legally responsible for the accident." Each of these elements is at least reasonably satisfied by the allegations in Devlin's amended complaint.

First, Massachusetts courts have recognized that a person can be "using" a vehicle even when they entrust someone else to drive it for them. See Barnstable Cnty. Mut. Fire Ins. Co. v. Lally, 373 N.E.2d 966, 969 (Mass. 1978) (explaining that negligent entrustment is a "distinct and specific cause of action . . . derived from the more general concepts of ownership, operation, and use of a motor vehicle"); Mahoney v. Am. Auto. Ins. Co., 989 N.E.2d 503, 506 (Mass. App. Ct. 2013) ("A person clearly could be 'using' an automobile without operating it personally." (quoting 6B Appleman & Appleman, Insurance Law and Practice § 4316, at 343 (rev. ed. 1979)). In this case, for example, Mary Desrosier could have initially entrusted the Ford Taurus to Joseph Simone so that he could drive to pick up a replacement part for the car. Later, Simone also gave permission for Matthew Desrosier to drive. Based on this fact pattern, both Mary Desrosier and Joseph Simone could have been "using" the

8

vehicle at the time of the accident.

Second, one who negligently entrusts a vehicle to another can be "legally responsible for the accident" for purposes of insurance coverage. See Mahoney, 989 N.E.2d at 506; cf. Picard v. Thomas, 802 N.E.2d 581, 589 n.5 (Mass. App. Ct. 2004) (noting that the insurance company did not deny that it was obligated to defend a permitted driver who negligently entrusted the vehicle to the driver who caused the accident). In Mahoney, for example, a woman named Jennifer Hill negligently entrusted a rental car to Ellen Teague, who crashed the vehicle and injured the plaintiff. 989 N.E.2d at 504. The Court stated that Hill was "legally responsible for the accident" by way of her negligent entrustment. Id. Nevertheless, it ultimately found that coverage was excluded for Hill's negligent entrustment because the rental car company had expressly forbidden Hill from allowing anyone else to drive the car. Id. In this sense, Hill's "use" of the vehicle was unauthorized by the owner. Id. If Hill had been authorized by the owner to entrust the vehicle to someone else, however, the Court said that the question of coverage would be viewed "quite differently" and that these circumstances "could trigger" a duty to indemnify.[2] Id.

---

[2]Some older cases go even further and suggest that a person who entrusts a vehicle to a third party against the express wishes of the owner is still "using" the vehicle with the consent of the owner. See Boudreau v. Md. Cas. Co., 192 N.E. 38, 39 (Mass. 1934) ("It is of no consequence that Dwyer disobeyed the owner's instructions and permitted her son to operate the

9

The hypothetical case contemplated in Mahoney matches up with the allegations in Devlin's complaint and the facts known to Metropolitan. Mary Desrosier was allegedly negligent in entrusting the Ford Taurus to Joseph Simone without informing him that Matthew could not drive the vehicle under any circumstances. Mary Desrosier was also allegedly negligent in failing to take additional steps that would have secured the car from Matthew's unauthorized use. Alternatively, Devlin alleges that Simone further negligently entrusted the vehicle to Matthew Desrosier. As a result, Devlin is alleging that both Mary Desrosier and Joseph Simone are "legally responsible for the accident" by way of their negligent entrustment. Finally, the obstacle to coverage in Mahoney is not present here. Mary Desrosier and Joseph Simone both arguably had authority to entrust the vehicle to someone else. For these reasons, Devlin's complaint states claims that could fall under Metropolitan's insurance policy, thereby activating a duty to defend, even if a jury does not ultimately agree with this version of the facts. See Metro. Prop. & Cas. Co. v. Morrison, 951 N.E.2d 662, 668 (Mass. 2011) ("The nature of the claim and not the ultimate judgment against the insured triggers

---

automobile . . . The indemnity is not made contingent upon such a person living up to the terms of a contract of bailment between himself and the owner."); Hurley v. Flanagan, 48 N.E.2d 621, 624 (Mass. 1943) ("Responsibility for operation of the motor vehicle . . . is the test, not whether the particular operation was with the express or implied consent of the owner." (quotation marks omitted)).

the duty to defend even though the plaintiff may not succeed and the claim may, in fact, be weak or frivolous." (alterations, ellipses, and quotation marks omitted)).[3]

The cases cited by Metropolitan are not to the contrary. Locke and Picard stand for the basic proposition that unauthorized drivers like Matthew Desrosier are not entitled to any insurance benefits. See Locke, 624 N.E.2d at 617 (excluding coverage for unauthorized driver); Picard, 802 N.E.2d at 589 (same). Similarly, in Vergato v. Commercial Union Insurance Co., 741 N.E.2d 486 (Mass. App. Ct. 2001), the Court simply held that the "owner" of a rental car is the rental car company. Id. at 489. As a result, only individuals authorized by the rental car company to drive are "using" the vehicle with the consent of the "owner." Id. But these cases do not say anything about providing benefits to those situated like Mary Desrosier and Joseph Simone, who negligently entrusted their vehicles to others. As a result, the Court denies Metropolitan's motion for summary judgment with respect to its duty to defend Mary Desrosier and Joseph Simone.

**B.   Duty to Indemnify**

Given the wide-ranging and disputed versions of the facts

---

[3] At the summary judgment hearing, Devlin also presented an alternative version of the facts where Mary Desrosier never entrusted the vehicle to Simone. Instead, Mary negligently left the keys unattended and unsecured, allowing Matthew to take the Taurus for a joy ride before rear-ending Devlin. The Court expresses no opinion as to whether Metropolitan would have a duty to indemnify Mary Desrosier in these circumstances.

that may be established at trial, the Court also denies the motion for summary judgment on Metropolitan's duty to indemnify Mary Desrosier and Joseph Simone. See Newell-Blais Post No. 433, Veterans of Foreign Wars of U.S., Inc. v. Shelby Mut. Ins. Co., 487 N.E.2d 1371, 1374 (Mass. 1986) ("While an insurer's obligation to defend its ensured is measured by the allegations of the underlying complaint, the obligation to indemnify does not ineluctably follow from the duty to defend . . . The issue of indemnification must await the completion of trial." (internal citations omitted)); House of Clean, Inc. v. St. Paul Fire & Marine Ins. Co., 775 F. Supp. 2d 302, 310-11 (D. Mass. 2011) ("The duty to indemnify, unlike the duty to defend, is determined by the facts as they unfold at trial or in a settlement agreement, rather than simply the pleadings.").

## IV. ORDER

Plaintiff's Motion for Summary Judgment (Docket No. 58) is **ALLOWED IN PART**. Metropolitan has no duty to defend or indemnify Matthew Desrosier for his negligent operation of the Ford Taurus because he was driving the Taurus without the owner's consent. The remainder of Metropolitan's motion for summary judgment is **DENIED**. Plaintiff's Motion to Strike (Docket No. 63) is **DENIED AS MOOT**.

                                              /s/ PATTI B. SARIS
                                              PATTI B. SARIS
                                              United States District Judge