UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff, v. SUSAN DEVLIN, MARY DESROSIER, MATTHEW DESROSIER, and JOHN DOE, as personal representative of the ESTATE OF JOSEPH SIMONE, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 13-13126-PBS |

Saris, U.S.D.J.

**ORDER**

May 12, 2015

Plaintiff Metropolitan Property and Casualty Insurance Company (Metropolitan) moves for clarification regarding this Court's previous ruling allowing in part and denying in part Metropolitan's motion for summary judgment. (Docket No. 67). Metropolitan points out that the Court has already entered default judgment against Defendants Mary Desrosier and Joseph Simone. (Docket Nos. 25, 29). Also, Massachusetts courts generally hold that an injured third party's rights "stand no higher than those of the insured whose rights against the insurer he seeks to reach." Cassidy v. Liberty Mut. Ins. Co., 154 N.E.2d 353, 356 (Mass. 1958). As a result, Metropolitan argues that, as the injured third party, Defendant Susan Devlin will have no right to collect anything beyond the compulsory bodily injury

coverage in Desrosier's insurance policy.

This line of argument is neither original nor persuasive. It has been tried before, and regularly rejected in courts around the country. See Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1986) ("It would be anomalous to hold that the Griffiths should not be given an opportunity to establish their case against Kemper because of a default which they could not prevent."); Penn Am. Ins. Co. v. Valade, 28 F. App'x 253, 257 (4th Cir. 2002) (same); Hawkeye-Security Ins. Co. v. Schulte, 302 F.2d 174, 177 (7th Cir. 1962) (same); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("[P]ermitting another party to proceed is especially powerful in the context of third-party liability insurance, where the insured may lose interest and the injured party has the primary motivation to pursue the claim."); see also 7A Couch on Insurance § 106:5 (3d ed. 2014) ("[A] default judgment against an insured and the driver of his or her car in a declaratory relief action by insurer would not preclude the injured person's recovery against the insurer."); Dorchester Mut. Ins. Co. v. Legeyt, 2008 WL 5784218, at *4 (Mass. Sup. Ct. Dec. 30, 2008) ("Courts have held that when an insured party is defaulted in a declaratory judgment action brought by an insurer, the injured party is entitled to remain in the suit and defend the action brought by the insurer." (collecting cases)).

For these reasons, Metropolitan's Motion for Clarification (Docket No. 68) is **DENIED**.

           /s/ PATTI B. SARIS
           PATTI B. SARIS
           United States District Judge